THADDEUS RICHARDSON & another *vs.* ELISHA WOODBURY.

f payments made by a debtor on account be applied by the creditor, under a previous agreement, to certain items of the account which are illegal, such payments are valid, and cannot afterwards be revoked by the debtor.

SHAW, C. J. This was an action of assumpsit on an account, for sundry articles of merchandise, many of which are intoxicating liquors, sold without license and contrary to law, for which no action will lie. The defendant had made cash payments from time to time, taking receipts on account. By an agreement made between the parties, at the commencement of the account, it was stipulated that all moneys paid, should be applied in the first instance to sums due for liquor. If the payments are all applied conformably to this agreement, the liquors are all paid for, and to the residue of the account, there is no objection. Otherwise, if the payments can be applied to items other than liquors.

The opinion of the court is, that the plaintiffs had a right to apply their payments according to the agreement, to the items for liquor. On each payment being made under such agreement, the application was made by force of the agreement, and the agreement ceased to be executory. An executory agreement to perform acts contrary to law cannot be enforced; but when in fact executed, there is no occasion to resort to the law to enforce it, and it is then too late for the purchaser to avail himself of the illegality. If a party purchase liquor to-day contrary to law, and agree to take it away and pay for it the next day, the contract is void, and the law

will not enforce it; so if he take it to-day, and promise to call and pay for it to-morrow, the law will not compel him to perform that promise. But if, in the case last supposed, he does call and pay for it the next day, he can take no advantage of the illegality.

The general rule in the application of payments on account is, that the payer, if he require it, may direct the application to any account or item of account he prefers, and if the receiver accept it under such direction, he is bound to make the application accordingly. *Reed* v. *Boardman*, 20 Pick. 441. But if the payer do not thus direct the application, the receiver may make the application; if neither make it, the law will apply it according to the priority of the items due, unless special circumstances indicate another application as more equitable in any particular case.

To apply this rule to the present case, the agreement to apply payments ceased to be executory, when payments were actually made, and the application, by force of the agreement, was made *eo instanti* with the payment itself, as where the purchaser of to-day actually pays the next day.

We are not prepared to say that such an agreement may not be revoked, or that the person paying may not give explicit notice on making a payment, that he requires it, notwithstanding the agreement, to be applied to the liquidation of other demands; and, we think, that the receiver would be bound thus to apply it, and the receiver would have no remedy by law, for breach of the agreement. But until such revocation, or such explicit notice from the payer, such agreement, though voidable, at the election of the debtor, and not capable of being enforced, still regulates the application of the payment, to the items due for liquor, makes the payment a voluntary payment on that account and extinguishes it *pro tanto*. The promise of payment has ceased to exist by its fulfilment and discharge. *Judgment for the plaintiffs.*

*B. Dean*, for the defendant.

*M. G. Cobb*, for the plaintiffs.